**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> for and on behalf of ALLIED STEEL ) <br> CONSTRUCTION COMPANY, LLC, ) <br> an Oklahoma limited liability company, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIMMONS CONSTRUCTION, LLC, ) <br> an Arizona limited liability company, and ) <br> HUDSON INSURANCE COMPANY, a ) <br> Delaware corporation, ) <br> ) <br> Defendants. ) | Case No. CIV-12-617-M |

**ORDER**

Before the Court is Hudson Insurance Company's Motion to Dismiss, filed August 10, 2012. Allied Steel Construction timely filed its response, and on August 21, 2012, Hudson Insurance Company's reply was filed. Based upon the parties' submissions, the Court makes its determination.

Plaintiff Allied Steel ("Allied"), a limited liability company with its principal place of business in the City of Oklahoma City, brings this action against defendants Simmons Construction ("Simmons"), a limited liability company with its principal place of business in the City of Scottsdale, Arizona, and Hudson Insurance Company ("Hudson"), a surety insurance and bonding company. Allied bring this action pursuant to the provisions of the Miller Act, 40 U.S.C. § 3131 et seq., to recover $30,040 plus interest thereon and costs including reasonable attorney's fees from Simmons and Hudson under Payment Bond No. HAS-SW-0013 (the "payment bond").

In Allied's Complaint, filed on May 30, 2012, reference is made to a written purchase order whereby Allied agreed to perform work on a structural steel project with respect to a certain steel erection project on the Fort Sill Military Base. Allied contends it performed and provided $30, 040

worth of labor and materials to Simmons. Allied also contends Simmons agreed to pay the total sum to Allied in "interim payments based on work progress." *See* Complaint at par. 13. Allied alleges it performed all of the labor and materials required under the subcontract agreement between Simmons and Allied. Allied contends it then made due demand upon Simmons and Hudson for payment under the terms of the payment bond and was not paid.

Hudson contends the purchase order and invoices reflecting the interim payments referenced in Allied's Complaint reflect that the last day that Allied actually performed labor and/or provided material to Simmons on the project was May 12, 2011. *See* Hudson's Motion to Dismiss, Exhibits 1-6. Hudson further contends because Allied did not bring suit by May 12, 2012, the claim for recovery under the Miller Act Payment Bond (Count I) is untimely and should be dismissed for failure to state a claim. Hudson asserts that Allied is barred from recovery since it did not file its complaint within one year after the date the last material and labor was supplied and performed pursuant to the limitations provisions of the Miller Act.

Generally, the Miller Act provides:

> **(b) Right to bring a civil action.--**
> **(1) In general.** – Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount.
>
> . . .
>
> **(4) Period in which action must be brought.--** An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

40 U.S.C. § 3133 (1) and (4).

Because the last furnished labor performed or material provided in carrying out the instant project occurred on May 12, 2011, more than one year prior to the filing of this lawsuit on May 30, 2012, the Court finds that Allied's recovery under the payment bond is time barred under the requirements of the Miller Act, 40 U.S.C. § 3131 et seq.

Accordingly, for the reasons set forth above, the Court GRANTS Hudson Insurance Company's Motion to Dismiss [docket no. 11] and DISMISSES all claims against Hudson Insurance Company (Count I of the Complaint).

**IT IS SO ORDERED this 5th day of March, 2013.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE