IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| for and on behalf of ALLIED STEEL | ) | |
| CONSTRUCTION COMPANY, LLC, | ) | |
| an Oklahoma limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-617-M |
| | ) | |
| SIMMONS CONSTRUCTION, LLC, | ) | |
| an Arizona limited liability company, and | ) | |
| HUDSON INSURANCE COMPANY, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss, field April 2, 2013. On April 10, 2013, Defendant Hudson Insurance Company's Response and Objection to Plaintiff's Motion for Reconsideration was filed. Based upon the parties' submissions, the Court makes its determination.

I.  Motion to reconsider

Plaintiff moves this Court to reconsider its March 5, 2013 Order granting the motion to dismiss filed by defendant Hudson Insurance Company in this matter. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar.  Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice.  The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law.  In its motion, plaintiff simply revisits issues that were addressed in the Court's March 5, 2013 Order and advances arguments that could have been raised in prior briefing.

Accordingly, the Court finds that plaintiff's motion to reconsider should be denied.

II.     Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss [docket no. 19].

**IT IS SO ORDERED this 1st day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE